IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN BIBBS, | CASE NO.: |
|     Plaintiff/Counter-Defendant, | |
| vs. | |
| ALLSTATE INSURANCE COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, | |
|     Defendants/Counter-Plaintiffs. | |

**<u>NOTICE OF REMOVAL</u>**

Defendants Allstate Insurance Company ("AIC") and Allstate Fire & Casualty Insurance Company ("Allstate Fire") (collectively, the "Defendants") hereby remove to this Court the Ohio state court action described below.

**I.  BACKGROUND**

1. On August 25, 2023, Plaintiff John Bibbs ("Plaintiff") filed the putative class action complaint (the "Complaint") in the Court of Common Pleas, Cuyahoga County, Ohio, styled *John Bibbs, et al., v. Allstate Insurance Company, and Allstate Fire & Casualty Ins. Co.,* (Case No. CV-23-984541) (Ct. Com. Pl. Cuyahoga Cnty. Ohio). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all documents filed in the State Court Action are attached hereto as **Exhibit A** and are incorporated herein by reference.

2. The Complaint alleges that Defendants underpaid Plaintiff's total loss vehicle claim by "arbitrarily reducing the value of the comparable vehicles used in the calculation" of Plaintiff's

actual cash value payment by a "Condition Adjustment."[1] (Compl. ¶ 2.) Plaintiff asserts four causes of action for: (1) breach of contract; (2) unjust enrichment; (3) fraud by present intent not to perform; and (4) fraud and fraudulent/negligent misrepresentation and omission. These claims are asserted on behalf of himself and the putative class. (*Id.* at ¶¶ 78, 128-174.) Plaintiff seeks compensatory, consequential, and general damages, including nominal damages; statutory damages and punitive damages; restitution and disgorgement; attorneys' fees, costs, and litigation expenses; and injunctive and other equitable relief, and declaratory relief. (*Id.* at pp. 30-31.)

3. The Complaint names AIC and Allstate Fire as defendants. Defendants have not yet responded to the Complaint; however, on October 4, 2023, Defendants filed an Agreed Motion to Extend Time to Answer or Otherwise Respond to the Complaint with the Court of Common Pleas, Cuyahoga County, Ohio.

II.  **DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

4. Plaintiff served the Summons and Complaint on September 6, 2023. Therefore, this Notice of Removal is timely filed per 28 U.S.C. § 1446(b).

5. Venue is proper in this Court because it corresponds to the district and division where this litigation was filed, as the Court of Common Pleas, Cuyahoga County, Ohio, is located within the Northern District of Ohio. *See* 28 U.S.C. §§ 115(a), 1441(a); L.R. 3.8(a).

6. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached true and correct copies of all process, pleadings, and orders served upon Defendants in the state court proceeding, as well as a printout of the state court docket. *See* Ex. A.

---

[1] This "Condition Adjustment" is allegedly an adjustment in addition to adjustments for mileage, options, and equipment; and is allegedly for the purpose of setting the comparable vehicle to the private owner's condition. (Compl. ¶¶ 3-4.)

7. In accordance with 28 U.S.C. § 1446(d), after filing this Notice of Removal, Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas, Cuyahoga County, Ohio in the underlying action. A copy of the finalized Notice of Removal to be filed in the Court of Common Pleas, Cuyahoga County, Ohio (without exhibits) is attached hereto as **Exhibit B**

8. Under 28 U.S.C. §§ 1441(a)-(b), 1446, and 1453, the Complaint is removable to this Court because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

## II. THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER THE CLASS ACTION FAIRNESS ACT

9. Under the Class Action Fairness Act ("CAFA"), this Court has jurisdiction over the putative class because: (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has a different citizenship from Defendants; (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d).

10. The U.S. Supreme Court and legislative history make clear that removal is favored under CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014) ("no antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court"); *see also* S.Rep. No. 109-14, p. 43 (2005) (CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."); *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 283 (6th Cir. 2016) ("As the Supreme Court recently clarified … 'no antiremoval presumption attends cases invoking CAFA.'").

### A. The Putative Class Size Exceeds 100

11. Under CAFA, the proposed class must consist of at least one hundred members. *See id.* §1332(d)(5).

12. Plaintiff seeks to certify the following class:

> All Ohio residents who: 1) were insured by Defendant under a motor vehicle policy providing coverage for Protection Against Loss To The Auto, or similar; 2) suffered damage to their auto determined to be a total loss, made a claim to Defendant, and Defendant made payment claimed to be the actual cash value of the vehicle; 3) the payment was in the amount of the TOTAL on a CCC One® Market Valuation Report, or less applicable deductible; or was the result of any other similar process applying a deduction not provided for in the Policy. The class excludes any insured whose payment was made based on an appraisal; Plaintiff's counsel; officers of the court handling this matter; and employees of Defendant. The class period is 15 years before the filing of this action, and thereafter.

(Compl. ¶ 78.) Plaintiff further alleges that "joinder of all members is impracticable" because the putative class consists of "hundreds of individuals." (*Id*. at ¶ 81.) In addition, as set forth in the attached Declaration of Vanessa Bashour (AIC Lead Consultant for Claims Experience Strategy and Design), AIC generated a report showing that there are 48,175 claims for AIC and Allstate Fire automobile policies that: (1) were issued in Ohio; (2) had a first-party total loss vehicle claim with a loss date of August 25, 2017 through August 25, 2023;[2] and (3) where Defendants issued an actual cash value ("ACV") payment on the claim. *See* Declaration of Vanessa Bashour, attached hereto as **Exhibit C,**¶ 6. Accordingly, this matter satisfies CAFA's requirement that the putative class size exceeds 100. (*See id*.; *see also* Ex. C ¶ 6).

    **B.**    **There is Minimal Diversity Sufficient to Establish CAFA Jurisdiction**

13. Under CAFA, the district courts have original jurisdiction over civil actions where at least one putative class member is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2).

---

[2] This six-year period applies the longest potentially applicable statute of limitations. *See* Ohio Rev. Code § 2305.06.

14. The Complaint alleges that Defendants are Illinois corporations domiciled in Illinois. (Compl. ¶ 1.) Indeed, Defendants are now, and were at the time of the filing of the Complaint, and at all time intervening, Illinois corporations with their principal places of business in Illinois. Defendants are citizens of Illinois for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

15. Plaintiff alleges that he is a resident of the State of Ohio. (Compl. ¶ 8.) Accordingly, Plaintiff is a citizen of the State of Ohio for diversity purposes.

16. Thus, CAFA's requirement of minimal diversity is satisfied here. *See* 28 U.S.C. § 1332(d)(2)(A).

    **C.**    **The $5 Million Amount In Controversy Requirement Under CAFA Is Satisfied**

17. Under CAFA, "district courts shall have original jurisdiction of [civil actions] in which the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs." *See* 28 U.S.C. § 1332(d)(2).

18. To satisfy the amount in controversy requirement for removal, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee*, 574 U.S. at 81; *see also Stapleton v. Skyline Terrace Apartments*, No. 5:17-cv-02207, 2018 WL 1315151, at *3 (N.D. Ohio Mar. 14, 2018) (holding that the amount in controversy was sufficient for jurisdictional purposes where the complaint alleged damages in excess of the jurisdictional threshold). Moreover, "calculation[s] from the complaint's allegations" are sufficient to satisfy a defendant's burden to plausibly allege that the amount in controversy exceeds $5 million. *Fielder v. Penn Station, Inc.*, No. 1:12-cv-2166, 2013 WL 1869618, at *2 (N.D. Ohio May 3, 2013); *see also Norris v. People's Credit Co.*, No. 1:12-cv-3138, 2013 WL 5442273, at *3 (N.D. Ohio Sept.

27, 2013) (the "amount in controversy is determined by universe of what the plaintiff puts at-issue in the complaint") (internal citation and quotation omitted).

19. Plaintiff alleges that his ACV payment for his first-party total loss vehicle claim was improperly reduced by a "Condition Adjustment" in the amount of $205. (Compl. ¶ 1.) Plaintiff further alleges that his claims "are typical of the claims of the proposed class." (*Id*. at ¶ 83.)

20. To calculate the amount in controversy, AIC used a randomization feature to select a total of 100 claim files from the universe of 48,175 AIC and Allstate Fire claims. *See* Ex. C. Bashour Decl., ¶ 7.

21. Bashour's declaration explains this in greater detail and states, in part:

> 6. Pursuant to Plaintiff's putative class definition, I caused a report to be generated. This report reflects all automobile policies issued in Ohio that had a first-party total loss vehicle claim with a loss date of August 25, 2017, to August 25, 2023, and where ACV payments were made by AIC or Allstate Fire. This report shows that there were 48,175 such claims.
>
> 7. Using the randomization feature built into Microsoft Excel, I randomly selected 100 claim files among the universe of 48,175 claims files. I manually opened each of the 100 claim files and located the CCC One Market Valuation Report ("CCC Report") contained in the file. I reviewed each CCC Report. The data included the: claim number, policy number, policy state, policy line name, policy company name, loss date, total amount paid, and "Condition Adjustment" applied to certain of the listed comparable vehicles.
>
> 8. I then totaled the "Condition Adjustments" for all 100 claims, resulting in a sum of $100,030.
>
> 9. Finally, I calculated the average (mean) of the "Condition Adjustment" by dividing the sum by 100, which equaled $1,000.30.

*See* Ex. C. Bashour Decl., ¶¶ 6-9.

22. Applying the average (mean) Condition Adjustment calculated by Bashour for the 100 randomly selected claim files to the entire filtered putative potential class of 48,175 claims yields an amount in controversy of $48,189,452.50. *Id.*

23. Even if some class members have less than the average "Condition Adjustment" amount, the $5 million amount in controversy requirement is still readily satisfied. *See, e.g.*, *Davis v. Kindred Nursing Centers E., L.L.C.*, No. 2:05-cv-1128, 2006 WL 508802, at *2 (S.D. Ohio Mar. 2, 2006)("The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.") Thus, there is "no doubt" that the "Condition Adjustment" amount applicable to first-party total loss vehicle claims in Ohio during the past six years where Defendants made ACV payments exceeds $5 million.

24. Accordingly, the total amount of damages exceeds CAFA's $5 million jurisdictional threshold.

**D.  The Exceptions to CAFA Do Not Apply**

25. CAFA provides two mandatory exceptions to the application of federal jurisdiction, and one discretionary exception. *See* 28 U.S.C. § 1332(d)(3)-(4). All CAFA exceptions require, as a starting point, the presence of a nondiverse in-state defendant. *See id.* (requiring either "significant relief" to be sought from an in-state defendant (local controversy exception) or requiring the "primary defendant" to be an in-state defendant (home state exception and discretionary exception)). Here, Defendants are not an in-state defendant. Rather, Defendants are foreign insurers, as they are citizens of the State of Illinois. (Compl. ¶ 1.). Therefore, the exceptions to CAFA are not applicable to this matter.

26. Accordingly, because Defendants have demonstrated that all of CAFA's prerequisites are met and none of the exceptions apply, this matter is properly removable.

Dated:  October 5, 2023 	Respectfully submitted,

	By:	*/s/ Jeffrey Mayer*
		Jeffrey Mayer
		**AKERMAN LLP**
		71 South Wacker Drive 47th Floor
		Chicago, IL 60606
		Telephone: (312) 634-5700
		Facsimile: (312) 424-1900
		Email: jeffrey.mayer@akerman.com

		**AKERMAN LLP**
		Sowmya Bharathi *(pro hac vice to be filed)*
		Email:  sowmya.bharathi@akerman.com
		Reginald E. Janvier *(pro hac vice to be filed)*
		Email: reginald.janvier@akerman.com
		201 E. Las Olas Boulevard, Suite 1800
		Fort Lauderdale, FL 33301
		Telephone: (954) 463-2700
		Facsimile: (954) 463-2224

		**AKERMAN LLP**
		Marcy Aldrich (*pro hac vice to be filed*)
		Email:  marcy.aldrich@akerman.com
		Three Brickell City Centre
		98 Southeast 7th Street, Suite 1100
		Miami, FL 33131
		Telephone: (305) 374-5600
		Facsimile: (305) 374-5095

		*Attorneys for Defendants Allstate Insurance Company, and Allstate Fire & Casualty Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 5, 2023, a copy of the foregoing was served via email on all parties in this action.

*/s/ Jeffrey Mayer*
*Attorney for Defendants Allstate Insurance Company, and Allstate Fire & Casualty Insurance Company*

73105576;3